■ In the Matter of ROSE M. McCLERNAN, Petitioner, v. ABE LAVINE, as Commissioner of New York State Department of Social Services, et al, Respondents.— Decision reserved, case held and matter remitted to the respondent State Commissioner of Social Services for further proceedings in accordance with the following memorandum: Petitioner instituted this article 78 proceeding to review a determination of the respondent Commissioner of the New York State Department of Social Services dated June 7, 1972 which, after a "fair hearing," affirmed the termination of petitioner's public assistance grant. The petitioner was charged with having failed to notify the local agency (Monroe County) that she had worked at a diner and had received income while she was receiving assistance for herself and her six minor children. The regulations provide that the Department shall declare a recipient who has received grants of public assistance to which she was not entitled, in whole or

part, ineligible for public grants of assistance to which she would otherwise be entitled until the total amounts withheld are equal to the amount of public assistance wrongfully received (18 NYCRR 348.4). When the recipient is a member of a family unit, only her pro rata share of grants of assistance to the family can be withheld (18 NYCRR 348.4 [b]). The determination and the record herein do not make it clear whether the Department complied with this regulation. Further, in declaring a recipient ineligible and terminating her assistance pursuant to 18 NYCRR 348.4, a determination must be made as to the amount of wrongfully received grants so as to determine the total amount of grants to be withheld during the period of ineligibility. No such determination was made by the Commissioner. We find no requirement imposed upon the Commissioner to ascertain precisely petitioner's alleged income (18 NYCRR 351.1 [b] [2]); but some finding must be made with respect to its duration and extent so as to determine the amount of wrongfully received grants and also to provide a basis for intelligent review. We conclude, therefore, that there should be a further hearing following which a determination should be made pursuant to the applicable regulations. (Review of determination terminating public assistance grant, transferred by order of Monroe Special Term.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.